CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 21, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOEL AARON BURRELL, Plaintiff, | ) | Civil Action No. 7:25-cv-00401 |
| v. | ) | |
| R. BROCK, *et al.*, Defendants. | ) | By: Elizabeth K. Dillon Chief United States District Judge |

**MEMORANDUM OPINION**

Joel Aaron Burrell, a Virginia inmate acting *pro se*, brought this action pursuant to 42 U.S.C. § 1983. Burrell alleges claims related to his food service at River North Correctional Center and Wallens Ridge State Prison. (Compl., Dkt. No. 1.) Defendants have filed motions to dismiss Burrell's complaint. (Dkt. Nos. 13, 33, 38.) Burrell filed a response to the motions to dismiss. (Dkt. No. 42.) Plaintiff also filed various motions, including a motion for a preliminary injunction (Dkt. No. 22), motions for transfer (Dkt. Nos. 51, 53), and motions for judgment on the pleadings (Dkt. Nos. 31, 44).

For the reasons stated below, defendants' motions to dismiss will be granted, plaintiff's motions will be denied, and this matter will be dismissed in its entirety.

I. BACKGROUND[1]

Burrell's allegations relate to events occurring at River North and Wallens Ridge. He names the following individuals as defendants: (1) R. Brock, Food Service Director; (2) D. Johnson, Kitchen Supervisor; (3) G. Morin, Food Service Supervisor; (4) C. Meade, Regional Ombudsman; (5) Carrie Williams, State Dietitian; (6) Warden D. Zook, Wallens Ridge; (7)

[1] The following background is taken from the complaint, which is accepted as true for purposes of this opinion.

Warden David Anderson, River North; (8) Nicole Keeney, Registered Dietician; (9) Regional Operations Chief;[2] and (10) Warden Jeffrey Artrip, Wallens Ridge.

Burrell alleges that his "No Soy, No Bean, Lactose Intolerant, No Pork allergy diet for Sealed Religious diet" was not being accommodated. (Compl. 6.) He wrote a Facility Request on May 4, 2025. D. Johnson responded on May 6 that Burrell's diet was corrected. Burrell states that the issue was not corrected. Burrell also requested an appointment with Nicole Keeney but has not received an appointment. Burrell pursued a Regular Grievance and an appeal to C. Meade, who "upheld it despite this being a valid grievance that should have been investigated by Health Service Director." (Compl. 6.) Burrell claims that he suffers from severe anaphylaxis, abdominal pain, nausea, hives, itching, rashes, and difficulty swallowing. (*Id.*; *see* Dkt. No. 1-1.)

Burrell alleges deliberate indifference to his serious medical needs and claims that he was served food at the direction of G. Morin that was "not only deficient in calories to General Population but food products plaintiff was allergic to as retaliation for utilizing the grievance . . . ." (*Id.*) Burrell also appears to bring claims for a violation of the equal protection clause and gross negligence under Virginia law. (*Id.*)

Burrell requests compensatory damages and an injunction to "serve me no soy, no beans, no pork, and lactose intolerant products and appointment . . . to correct my diet." (Compl. 8.) Burrell also asks for toxicology testing for food poisoning. (*Id.*)

[2] The Office of the Attorney General waived service on behalf of this individual, who appears to be Gregory Holloway. (Dkt. No. 10.)

II. ANALYSIS

**A. Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The court need neither accept a complaint's legal conclusions drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The court, however, accepts as true the complaint's well-pleaded factual allegations and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Pleadings by pro se litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. *See* 42 U.S.C. § 1983; *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 171 (2023). Furthermore, to establish liability

under § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of his rights." *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018).

**B. Eighth Amendment Claim**

The Eighth Amendment's prohibition against cruel and unusual punishment protects against the "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state an Eighth Amendment deliberate indifference claim, a prisoner must show both "an objective component and a subjective component." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). The objective component is satisfied by a "serious medical condition," meaning one that "has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* "The subjective component is satisfied by proof of a defendant's deliberate indifference," which is shown where a defendant "had actual knowledge of the plaintiff's serious medical needs and the related risks but nevertheless disregarded them." *Id.*

Burrell's claim is related to the alleged failure of defendants to accommodate a special diet for his allergies. As an initial matter, the Constitution does not require a special diet to accommodate a food allergy. *See Witschi v. N.C. Dep't of Public Safety*, No. 1:14-cv-68-FDW, 2014 WL 3735135, at *2 (W.D.N.C. July 29, 2014) (collecting cases). Burrell alleges that he suffers from certain health issues if he does not receive accommodations for his dietary requirements. However, he has failed to allege that any defendant knew about these health issues. The grievances Burrell attaches to his complaint make general reference to "medical allergy reactions." (Dkt. No. 1-1 at 12.) But he does not state that any defendant knew that Burrell suffers from severe anaphylaxis, abdominal pain, nausea, hives, itching, rashes, and

difficulty swallowing due to his food allergies. To the extent Burrell attempts to state a claim due to being served food that was "deficient in calories," he has failed to plausibly allege that he "was not provided with adequate nourishment to sustain his health." *Witschi*, 2014 WL 3735135, at *2 (citing *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993)). Thus, Burrell has failed to state a plausible deliberate indifference claim.

In response to the motion to dismiss, Burrell includes additional factual context for his claims. (Dkt. No. 42.) A complaint cannot be amended by a brief in opposition to a motion to dismiss. *See Couch v. City of Va. Beach*, 768 F. Supp. 3d 741, 748 n.7 (E.D. Va. 2025). Burrell will be granted leave to file an amended complaint.[3]

For these reasons, the court will dismiss Burrell's Eighth Amendment deliberate indifference claim.

**C. Retaliation Claim**

An inmate has a First Amendment right to be free from retaliation by prison officials for filing a grievance. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 546 (4th Cir. 2017). "[A] First Amendment retaliation claim under § 1983 consists of three elements: (1) the plaintiff engaged in constitutionally protected First Amendment activity, (2) the defendant took an action that adversely affected that protected activity, and (3) there was a causal relationship between the plaintiff's protected activity and the defendant's conduct." *Id.* at 537. "In the prison context, we treat such claims with skepticism because every act of discipline is by definition retaliatory in the sense that it responds directly to prisoner misconduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).

[3] Burrell's motions for judgment on the pleadings also provide further factual development, including by attaching exhibits. (Dkt. Nos. 31, 31-1, 44, 44-1.) To the extent that these motions can be construed as opposition to the motions to dismiss, Burrell also cannot amend his pleadings in this manner.

Plaintiff alleges that G. Morin refused to accommodate his dietary requirements in retaliation for utilizing the grievance procedure. Under the third element, Burrell has failed to plausibly allege any connection between his grievance activity and the diet provided by the prison, much less that Morin was personally involved in any dietary choices with respect to Burrell. Accordingly, the court will dismiss Burrell's retaliation claim.

**D. Equal Protection**

Burrell has also alleged an equal protection violation. To successfully plead a violation of the Equal Protection Clause, "a plaintiff must plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus." *Equity in Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 108 (4th Cir. 2011). Burrell's bare and conclusory reference to equal protection is insufficient to state a plausible claim for relief. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.

**E. Gross Negligence**

Burrell has attempted to state a claim for gross negligence under Virginia law, which constitutes "that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another." *City of Lynchburg v. Brown*, 613 S.E.2d 407, 410 (Va. 2005). For many of the same reasons discussed with respect to Burrell's Eighth Amendment deliberate indifference claim, Burrell has failed to plausibly allege a claim for gross negligence. Defendants could not have acted with an "utter disregard of prudence" without

knowing about Burrell's alleged dietary issues. For these reasons, plaintiff's gross negligence claim will also be dismissed.

**F. Motions for Judgment on the Pleadings**

Burrell filed two motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 31, 44.) This rule provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The pleadings in this matter have not closed; defendants filed motions to dismiss and have not filed answers. *See Haughie v. Wexford Health Sources, Inc.*, Civil Action No. ELH-18-3963, 2020 WL 1158568, at *4 (D. Md. Mar. 9, 2020) (collecting cases which "indicate that a Rule 12(c) motion is premature if filed before all defendants have answered the suit"). Thus, the court will deny Burrell's motions as premature.

**G. Motions for Injunctive Relief and for Transfer**

Burrell filed a motion for a preliminary injunction that orders prison officials to provide his medical diet. (Dkt. No. 22.) A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The court will deny this motion because Burrell has not stated any plausible claims for relief, and thus, he cannot establish he is likely to succeed on the merits. In the context of the administration of a state prison, injunctive relief should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). The judiciary grants "wide ranging deference" to prison administrators on matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Burrell has also filed two motions requesting that he be transferred to a different facility. (Dkt. Nos. 51, 53.) Motions for a transfer by a prisoner are considered motions for injunctive relief. *Fogel v. Hall*, Civil Action No. 7:24-cv-00355, 2025 WL 1316498, at *1 (W.D. Va. May 6, 2025). These motions will be denied because plaintiff has not established that he is likely to succeed on the merits of his claims in this lawsuit, and his requests for a transfer are not related to the allegations in his lawsuit. While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

The court will deny Burrell's requests for injunctive relief.

## III. CONCLUSION

The court will issue an appropriate order granting defendants' motions to dismiss and denying plaintiff's motions.

Entered: September 21, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge